UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY MALAVE,

                Petitioner,

-against-

JOSEPH SMITH, Superintendent,
Shawangunk Correctional Facility,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 04-CV-0074 (FB)

**BLOCK, Senior District Judge:**

        In this *habeas* proceeding, the petitioner claims, *inter alia*, that his trial and appellate counsel were ineffective for failing to argue that a statement he made to his landlords ("I will bring your stuff back tomorrow at twelve o'clock.") should have been suppressed as involuntary under § 60.45 of the New York Criminal Procedure Law in light of his contention that it was made in response to threats of physical violence; at a status conference on February 22, 2006, the Court ordered a factual hearing in that issue. By letter dated March 13, 2006, the respondent asks the Court to reconsider that decision on three grounds: (1) that a hearing is precluded by 28 U.S.C. § 2254(e)(2); (2) that a hearing is not necessary because the petitioner's claim is procedurally barred; and (3) that a hearing is not necessary because the petitioner has failed to satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

        With regard to the first ground, § 2254(e)(2) bars a factual hearing only "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings." The petitioner here adequately presented the factual bases of his claim in both his motion

under § 440.10 of the New York Criminal Procedure Law and his petition for a writ of error *coram nobis*; that the state courts did not see fit to offer him the opportunity to prove those facts is not attributable to lack of diligence on his part. *See Williams v. Taylor*, 529 U.S. 420, 432 (2000) ("[A] failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."); *Drake v. Portuondo*, 321 F.3d 338, 347 (2d Cir. 2003) ("[W]here, as here, a *habeas* petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." (citation and internal quotation marks omitted)).

With regard to the second ground, the petitioner argues both that trial counsel was ineffective for abandoning a motion to suppress the allegedly involuntary statement, and that appellate counsel was ineffective for failing to challenge trial counsel's effectiveness on direct appeal. While the former claim may be procedurally barred, the latter claim was rejected on the merits by the Appellate Division; therefore, it is subject to *habeas* review. Moreover, the claim that appellate counsel was ineffective, if proven, would establish grounds for relief from the procedural bar. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel . . . is cause for a procedural default.").

With regard to the third ground, the respondent's argument that the petitioner may not be able to satisfy *Strickland*'s prejudice prong goes to the merits of his claim; as the Court explained at the February 22 status conference, one of the factual issues bearing on whether the petitioner can demonstrate prejudice is whether or not he in fact made the statement at issue in response to threats of physical violence. While the Court

2

expresses no opinion on that issue – or on the ultimate merits of the petitioner's claim – it at least justifies a hearing. *See Portuondo*, 321 F.3d at 345 ("[W]here specific allegations before the court show reason to believe that [a *habeas*] petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." (citations and internal quotation marks omitted)).

For the foregoing reasons, the respondent's letter request for reconsideration is denied. The March 27 hearing will go forward as scheduled.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
March 21, 2006